CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

9/30/2022

LAURA A. AUSTIN, CLERK
BY:  s/ CARMEN AMOS
        DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

| | |
|---|---|
| **BRANDY SANDS** | * |
| **16116 Arrowhead Trail** | * |
| **Clermont, Florida 34711** | * |
| | * |
| **And** | * |
| | * |
| **LARISA LACORTE** | * |
| **300 Waterway Drive South, Suite 304** | * |
| **Lake Worth, Florida 33462** | * |
| | * |
| **And** | * |
| | * |
| **LYNDSAY HOLT** | * |
| **149 Carden Place, Apt. A** | * |
| **Mebane, North Carolina 27302** | * |
| | * |
| **And** | * |
| | * |
| **HEATHER CARLTON** | * |
| **11651 Creek Crown Road** | * |
| **San Antonio, Texas** | * |
| | * |
| **And** | * |
| | * |
| **SHANNA REYES** | * |
| **4480 Highgate Road** | * |
| **Springhill, Florida 34609** | * |
| | * |
| **And** | * |
| | * |
| **JOSH ARKWRIGHT** | * |
| **9803 Creek Front Road, Apt. 1004** | * |
| **Jacksonville, Florida 32256** | * |
| | * |
| **And** | * |
| | * |
| **JAMES JEFF PETERS** | * |
| **614 Whitcover Circle** | * |
| **Charlottesville, Virginia 22901** | * |
| | * |
| **And** | * |
| | * |

CASE NO.:  <u>6:22CV00056</u>

**DANIEL VERCELLINO**                                *
**10548 Bob White Beach Boulevard**                 *
**Whitmore Lake, Michigan 48189**                    *
                                                     *
**And**                                              *
                                                     *
**RHEA WHITE**                                        *
**9803 Creek Front Road, Apt. 1004**                 *
**Jacksonville, Florida 32256**                       *
                                                     *
**And**                                              *
                                                     *
**LORIE RIVERO**                                      *
**2984 Orphanage Road**                              *
**Danville, Virginia 24540**                          *
                                                     *
**And**                                              *
                                                     *
**SARA DANIEL**                                       *
**200 Leigh Street**                                 *
**South Boston, Virginia 24592**                      *
                                                     *
**And**                                              *
                                                     *
**SARAH BAILEY**                                      *
**209 Ash Street**                                   *
**Danville, Virginia 24540**                          *
                                                     *
**And**                                              *
                                                     *
**JESSICA MARTIN**                                    *
**1071 Florida Trail**                               *
**Virgilina, Virginia 24598**                         *
                                                     *
**And**                                              *
                                                     *
**MITCHELL MARTIN II**                                *
**1071 Florida Trail**                               *
**Virgilina, Virginia 24598**                         *
                                                     *
**And**                                              *
                                                     *
**SIERRA LEWIS**                                      *
**806 Lawndale Drive, Apt. 44**                      *
**Reidsville, North Carolina 27320**                  *
                                                     *

2

| | |
|---|---|
| ***On Behalf of Themselves and*** | * |
| ***All Others Similarly Situated*** | * |
| | * |
| **PLAINTIFFS,** | * |
| | * |
| **v.** | * |
| | § |
| **BLUE RIDGE ROCK FESTIVAL, LLC** | § |
| **4009 Murray Place** | § |
| **Lynchburg, Virginia 24501** | § |
| | § |
| **Serve:  Jonathan Slye** | § |
| **4009 Murray Place** | § |
| **Lynchburg, Virginia 24501** | § |
| | § |
| **And** | § |
| | § |
| **JONATHAN SLYE** | § |
| **4009 Murray Place** | § |
| **Lynchburg, Virginia 24501** | § |
| | § |
| **DEFENDANTS.** | § |

---

## CLASS AND COLLECTIVE ACTION COMPLAINT

---

### PARTIES, JURISDICTION, AND VENUE

1.      Defendants Blue Ridge Rock Festival, LLC ("BLRF") and its primary owner and managing member, Jonathan Sly, individually ("Sly") (together, "Defendants") perpetrated an unlawful payroll policy designed to withhold and deny Named Plaintiffs Brandy Sands ("Sands"), Larisa LaCorte ("LaCorte"), Lyndsay Holt ("Holt"), Heather Carlton ("Carlton"), Shanna Reyes ("Reyes"), Josh Arkwright ("Arkwright"), James Jeff Peters ("Peters"),  Daniel Vercellino ("Vercillino"), Reah White ("White"), Lorie Rivero ("Rivero"), Sara Daniel ("Daniel"), Sarah Bailey ("Bailey"), Jessica Martin ("J. Martin"), Michell Martin, II ("M. Martin"), and Sierra Lewis ("Lewis") (Collectively, "Named Plaintiffs") and other similarly situated individuals wages and earned tips and/or gratuities as required by the Federal Fair Labor

Standards Act 29 § U.S.C. 207, *et seq*. ("FLSA"), the Virginia Wage Payment Act, Virginia Code § 40.1-29, *et seq*. ("VWPA"), the Virginia Minimum Wage Act, Virginia Code § 40.1-28.8, *et seq*. ("VMWA"), and/or as otherwise equitably promised or owed.

2.    The Named Plaintiffs were each employed by Defendants as bartenders and/or bar backs and/or performing similar bar and/or service related duties for Defendant's primary benefit at Defendants' 2021 and/or 2022 Blue Ridge Rock Festival ("the Festival"), occurring in 2021 between Thursday September 9, 2021, and Sunday, September 12, 2022 (and a day or two prior for set up and a day or two after for breakdown), in or around Danville, Virginia, and in 2022 between Thursday, September 8, 2022, and Sunday, September 11, 2022 (and a day or two prior for set up and a day or two after for breakdown), in or around Alton, Virginia.  ("the relevant period").

3.    The Class/Collective Action Members were each employed by Defendants as bartenders and/or bar backs and/or performing similar bar and/or service related duties during the relevant period at the Festival in 2021 and/or 2022 ("the Class/Collective Action Members").

4.    The Named Plaintiffs are adult domicilaries of Virginia, Michigan, Texas, Florida, North Carolina.

5.    The Class/Collective Action Members are adult domiciliaries of Virginia and several other states.

6.    The acts and omissions giving rise to this action occurred at the 2021 Festival in or around Danville, Virginia, at the 2022 Festival in or around Alton, Virginia, and in 2021 and 2022 in or around Defendants' principal place of business and/or residence in Lynchburg, Virginia.

7.    Named Plaintiffs, by affixing their names to the caption of this Class and

Collective Action, notify this Court in the writing of the caption and body of this Class and Collective Action Complaint of their express and written consent to pursue all claims and damages sought in this action under the FLSA, VWPA, VMWA, and for equitable relief and damages, and act as Class/Collective Action Representatives on behalf of themselves and all Class/Collective Action Members for which Class/Collective Action relief is sought under the FLSA, VWPA, VMWA, and for equitable relief and damages.

8.      BLRF is a limited liability company, formed under the laws of the Commonwealth of Virginia, that operates from a principal office located in Lynchburg, Virginia.

9.      Slye is an adult domiciliary of Lynchburg, Virginia.

10.     Defendants owned, administered, and operated the Festival in 2021 and 2022.

11.     At all times relevant, Sly, was the primary owner and managing member of BLRF.

12.     At all times relevant, Sly was Named Plaintiffs and each Class/Collective Action Members' most senior manager and supervisor at the Festival in 2021 and/or 2022.

13.     Sly had power to set, alter, and supervise Named Plaintiffs and each Class/Collective Action Members' work duties and work hours at the Festival in 2021 and/or 2022.

14.     Sly had power to hire, fire, and discipline Named Plaintiffs and each Class/Collective Action Member, and otherwise alter or amend Named Plaintiffs and each Class/Collective Action Members' work duties and/or work responsibilities at the Festival in 2021 and/or 2022.

15.     Sly set Named Plaintiffs and each Class/Collective Action Members' rate and method of compensation for Named Plaintiffs and each Class/Collective Action Members'

employment work duties performed at the Festival in 2021 and/or 2022.

16.    Sly kept and maintained all employment records related to Named Plaintiffs, each Class/Collective Action Member, and all other employees of BLRF related to and/or arising from the Festival in 2021 and/or 2022.

17.    During the relevant period, Defendants qualified as an enterprise engaged in commerce under the FLSA because Defendants had gross sales and/or revenue exceeding $500,000.00, utilized instrumentalities of interstate commerce (web/internet-based credit card processing), and sold beverages and related food and consumer products that passed in interstate commerce to the 2021 and 2022 Festival's customers and attendees from states outside of Virginia.

18.    While performing employment duties for the primary benefit of Defendants at the Festival in 2021 and/or 2022, Named Plaintiffs and each Class/Collective Action Member was individually engaged in interstate commerce while employed by Defendant by using, in the performance of their work duties for Defendants' primary and substantial benefit, instrumentalities of interstate commerce, including web/internet-based credit card processing, and selling beverages and related food and consumer products to the Festival's customers and attendees from states outside of Virginia in 2021 and/or 2022.

19.    At all times relevant, Defendants, individually and jointly, qualified as Named Plaintiffs and each Class/Collective Action Members' "employers" under Virginia law and under the definitions set forth in the FLSA, VWPA, and VMWA.

20.    This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

21.    This Court properly confers supplemental jurisdiction over alleged common and

interrelated Virginia state law and equity claims seeking recovery of unpaid wages and damages.

22.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTS

23.    Prior to and during the Festival in 2021 and/or 2022, Defendants interviewed and hired Named Plaintiffs and the Class/Collective Action Members to work as bartenders and/or bar backs and/or to perform similar tipped employment duties during the Festival in 2021 and/or 2022.

24.    Defendants selected and hired Named Plaintiffs and more than One Hundred (100) Class/Collective Action Members to work as bartenders and/or bar backs and/or to perform similar tipped employment duties during the Festival in 2021 and/or 2022.

25.    In hiring Named Plaintiffs and the Class/Collective Action Members, Defendants promised Named Plaintiffs and the Class/Collective Action Members compensation for all hours worked during the relevant period at the Festival in 2021 and/or 2022 by and through (i) hourly wages at or about $20.00 per hour before and/or after the Festival in 2021 and/or 2022 for set up and/or breakdown; (ii) direct wages for all hours worked at the rate of $5.00 per hour; plus (iii) receipt and retention of all tips or gratuities paid by festival customers and/or attendees.

26.    Pursuant to Defendants' direction and instructions, Named Plaintiffs and the Class/Collective Members were responsible for preparing the bar tent each day of the Festival in 2021 and/or 2022, prior to the arrival of the Festival's customers and attendees each morning and then count the money and clean and organize the bar tent after the Festival's customers and attendees' departure each evening.

27.    Each day of the Festival in 2021 and/or 2022, Named Plaintiffs and the Class/Collective Members performed approximately three (3) to five (5) hours of compensable

employment duties preparing the bar tents each morning and/or counting money and/or cleaning and/or organizing the bar tents each evening, for which Named Plaintiffs and the Class/Collective Members did not perform duties for the direct benefit of the 2021 and/or 2022 Festival's customers and attendees, and for which the 2021 and/or 2022 Festival's customers and attendees did not pay Named Plaintiffs and the Class/Collective Members tips or gratuities for ("non-tipped employment duties").

28.    Each day of the Festival in 2021 and/or 2021, Named Plaintiffs and the Class/Collective Members performed approximately ten (10) to fourteen (14) hours of bartender, barback, bar cashier, and related tipped employment duties directly for the direct benefit of the Festival's customers and attendees, for which 2021 and/or 2022 Festival customers and attendees paid tips or gratuities with bar sales for the intended for the sole use and benefit of Named Plaintiffs and the Class/Collective Members ("tipped employment duties").

29.    During the Festival in 2021 and/or 2022, Named Plaintiffs and the Class/Collective Members performed between fifty (50) to seventy-five (75) or more hours of compensable employment job duties for Defendants' primary and substantial benefit.

30.    During the Festival in 2021 and/or 2022, Defendants had actual knowledge of all hours Named Plaintiffs and the Class/Collective Members worked at the Festival in 2021 and/or 2022, and suffered or permitted Named Plaintiffs and the Class/Collective Members to perform between fifty (50) to seventy-five (75) or more hours of compensable employment duties for Defendants' primary and substantial benefit.

31.    During the Festival in 2021 and/or 2022, Named Plaintiffs and the Class/Collective Members performed approximately 25% or more of their compensable work hours performing non-tipped employment duties and approximately 75% or less of their

compensable work hours performing tipped employment duties for Defendants' primary and substantial benefit.

32.    During the Festival in 2021 and/or 2022, Defendants had actual knowledge that Named Plaintiffs and the Class/Collective Members performed approximately 25% or more of their compensable work hours performing non-tipped employment duties and approximately 75% or less of their compensable work hours performing tipped employment duties for Defendants' primary and substantial benefit.

33.    During the relevant period, the Federal Minimum Wage for non-overtime hours worked each week (40 and less) was $7.25 per hour.

34.    At no time during the relevant period did Defendants pay Named Plaintiffs or the Class/Collective Members for non-overtime hours worked at the Festival in 2021 and/or 2022 at an hourly rate at least equal to the Federal Minimum Wage.

35.    During the relevant period, the FLSA required premium overtime rate for overtime hours worked over forty (40) per week, based on the Federal Minimum Wage, was $10.88 per hour.

36.    At no time during the relevant period did Defendants pay Named Plaintiffs or the Class/Collective Members for overtime hours worked over forty (40) per week at an hourly rate at least equal to the FLSA required overtime rate.

37.    During the Festival in 2021, the Virginia Minimum Wage was $9.50 per hour.

38.    During the Festival in 2021, the Virginia required premium overtime rate for overtime hours worked over forty (40) per week, based on the applicable Virginia Minimum Wage, was $14.25 per hour.

39.    During the Festival in 2022, the Virginia Minimum Wage was $11.00 per hour.

40.    During the Festival in 2022, the Virginia required premium overtime rate for overtime hours worked over forty (40) per week, based on the applicable Virginia Minimum Wage, was $16.50 per hour.

41.    During the relevant period, Defendants paid Named Plaintiffs and the Class/Collective Members for some, but not all, hours worked at the Festival in 2021 and/or 2022, at the rate of $5.00 per hour for non-overtime and overtime hours worked over forty (40) per week.

42.    For many hours Named Plaintiffs and the Class/Collective Members worked for Defendants' primary and substantial benefit at the Festival in 2021 and/or 2022, Defendants paid Named Plaintiffs and the Class/Collective Members no wages at all.

43.    While performing employment work duties for Defendants' primary and substantial benefit at the Festival in 2021 and/or 2022, the 2021 and/or 2022 Festival's customers and attendees purchased drinks, food, and consumer goods at the various bar tents and, in so doing, paid tips and/or gratuities with each consumer sale by credit card or similar electronic method and/or by cash with the intention that the tips and/or gratuities would be paid to and received by Named Plaintiffs and the Class/Collective Members for their sole use and benefit.

44.    Pursuant to Named Plaintiffs and the Class/Collective Members' compensation plan for the Festival in 2021 and/or 2022, the tips and/or gratuities paid by the Festival's customers and attendees in 2021 and/or 2022 were supposed to be pooled and then divided exclusively amongst the Named Plaintiffs and the Class/Collective Members working each bar tent according to the number of compensable work hours each Named Plaintiff and/or Class/Collective Member worked during the Festival in 2021 and/or 2022.

45.    During and/or after the Festival in 2021 and/or 2022, Defendants collected all tips

and/or gratuities left by the Festival's customers and attendees intended for the sole intended benefit of the Named Plaintiffs and the Class/Collective Members.

46.     Upon Defendants' collection of the tips and/or gratuities, during and/or after the 2021 and/or 2021 Festival, Defendants kept a significant amount of Named Plaintiffs and the Class Collective Members' tips and/or gratuities for Defendants' use and benefit and also used Named Plaintiffs' and the Class/Collective Members' earned tip and/or gratuity money to pay wages and/or compensation directly to Defendants' managers, non-tipped employees, and other vendors.

47.      Following the conclusion of the 2021 and/or 2021 Festival, Defendants issued wage payments to the Named Plaintiffs and the Class/Collective Members by various payment methods including checks, cash, and/or direct wire/payment application transfer.

48.     Following the conclusion of the 2021 and/or 2021 Festival, Defendants' payment to Named Plaintiffs and the Class/Collective Members was supposed to include full and timely payment of (i) direct hourly wages to Named Plaintiffs and the Class/Collective Members at the rate of $5.00 per hour for all non-overtime hours worked; (ii) direct hourly wages to Named Plaintiffs and the Class/Collective Members at the premium overtime time-and-one-half rate for overtime worked over forty (40) hours; plus (iii) all tips and/or gratuities earned and/or received from the 2021 and/or 2021 Festival's customers and attendees for employment duties performed by Named Plaintiffs and the Class/Collective Members during the Festival in 2021 and/or 2022.

49.     The wage compensation issued by Defendants to Named Plaintiffs and the Class/Collective Members for employment duties performed at the 2021 and/or 2022 Festival did not include (i) full and timely payment of all wages earned at the rate of $5.00 per hour for all non-overtime hours worked by Plaintiffs and the Class/Collective Members; (ii) full and timely

payment of all wages earned at the premium overtime time-and-one half rate for overtime worked by Plaintiffs and the Class/Collective Members over forty (40) hours; or (ii) full and timely payment of all tips and/or gratuities earned by Named Plaintiffs and paid by the 2021 and/or 2021 customers and attendees for the exclusive use and benefit of Named Plaintiffs and the Class/Collective Members.

50.    During and/or following the Festival in 2021 and/or the 2022, Defendants kept, deducted, and/or assigned between $500.00 - $2,500.00 in tips and/or gratuities paid by the 2021 and/or 2022 Festival's customers and attendees for the sole use and benefit of Named Plaintiffs the Class/Collective Members and earned and due and owing to each Named Plaintiff and Class/Collective Member at the Festival in 2021 and/or 2022.

51.    Prior to and during the 2021 and/or 2022 Festival, Defendants had actual knowledge of the Federal and Virginia Minimum Wage, Overtime, and Wage Payment Requirements.

52.    Prior to and during the 2021 and/or 2022 Festival, Defendants had actual knowledge that tips and/or gratuities left by the Festival's customers and attendees in 2021 and/or 2022, was intended by the Festival's customers and attendees in 2021 and/or 2022, for the sole benefit and use of Named Plaintiffs and the Class/Collective Members.

53.    Defendants' failure to pay Named Plaintiffs and the Class/Collective Members required Minimum Wage and Overtime Compensation for employment duties performed by Named Plaintiffs and the Class/Collective Members at the Festival in 2021 and/or 2022, as required by Virginia and the FLSA, was intentional, knowing, and willful.

54.    Defendants' taking, use, and assignment of earned tips paid by the Festival's customers and attendees in 2021 and/or 2022, for the sole use and benefit of Named Plaintiffs

and the Class/Collective Members, was in violation of the Virginia law and the FLSA and was intentional, knowing, and willful.

55.     Defendants now owe Named Plaintiffs and each of the Class/Collective Members:

(i)     The differential between the wages Defendants paid Named Plaintiffs and each Class/Collective Member for non-overtime hours (40 or less) worked at the 2021 and/or 2022 Festival and the applicable Federal/Virginia Minimum Wage for non-overtime hours worked for Defendants' primary benefit during the Festival in 2021 and/or 2022;

(ii)    The differential between the wages Defendants paid Named Plaintiffs and each Class/Collective Member for overtime hours (over 40) worked at the 2021 and/or 2022 Festival and the applicable Federal/Virginia overtime rate for hours worked over forty (40) by Named Plaintiffs and each Class/Collective Member for Defendants' primary benefit during the Festival in 2021 and/or 2022;

(iii)   Payment of all earned tips/gratuities earned and/or paid by Defendants' Festival customers and/or attendees at the Festival in 2021 and/or 2022 for the benefit of Named Plaintiffs and the Class/Collective Members and taken, deducted, and/or assigned by Defendants during and/or after the Festival in 2021 and/or 2022;

(iv)    Statutory liquidated damages in a statutorily prescribed multiple of the above wages and tips/gratuities due and owing;

(v)     Pre and post-judgment interest; and

(vi)    Payment of Named Plaintiffs and the Class/Collective Members'

attorney's fees and costs.

## FLSA COLLECTIVE ACTION ALLEGATIONS

36.    Named Plaintiffs bring their Count for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated employees.

37.    Similarly situated employees, for purposes of the FLSA collective action claims, include individuals who worked as bartenders, bar backs, or performed similar tip generating employment duties for Defendants' primary and substantial benefit during the Festival in 2021 and/or 2022 who were (i) paid not paid by Defendants at an hourly rate rat least equal to the Federal Minimum Wage for non-overtime hours worked; (ii) who were not paid by Defendants for overtime hours worked over forty (40) hours per week at the FLSA required time-and-one-half rate; and (iii) were not paid and/or did not receive full payment of all tips and/or gratuities intended for their receipt and sole benefit and paid by the 2021 and/or 2022 Festival's customers and attendees ("the Collective").

38.    Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of the FLSA claims on behalf of Named Plaintiffs and the Collective.

39.    Named Plaintiffs request each be permitted to serve as representative of those who consent to participate in this action, and that this action be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

## VWPA/VMWA/UNJUST ENRICHMENT
## CLASS ACTION ALLEGATIONS

40.    Named Plaintiffs bring their state law counts for violations of the VWPA, VMWA and for unjust enrichment as a Class Action (in sub-classes for each relevant count) pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of

themselves and all similarly situated employees, for relief to redress and remedy Defendants' violations of the VWPA, VMWA, and Defendants' unlawful taking, deduction, and assignments from tip and/or gratuities belonging to Named Plaintiffs and the Class Members arising from work duties performed at the 2021 and/or 2022 Festival.

41.     Pursuit of this action as a class will provide the most efficient mechanism for adjudicating the claims of the Named Plaintiffs and the Class Plaintiffs.

42.     The VWPA Sub-Class includes all individuals who worked as bartenders, bar backs, or performed similar tip generating employment duties for Defendants' primary and substantial benefit during the Festival in 2021 and/or 2022 who were (i) paid not paid at an hourly rate least equal to the Virginia Minimum Wage for non-overtime hours worked; (ii) who were not paid for overtime hours worked over forty (40) per week at the Virginia required time-and-one-half rate; and (iii) were not paid and/or did not receive full payment of all tips and/or gratuities intended for their receipt and sole benefit and paid by the 2021 and/or 2022 Festival customers and attendees.

43.     The VMWA Sub-Class includes all individuals who worked as bartenders, bar backs, or performed similar tip generating employment duties for Defendants' primary and substantial benefit during the relevant period at the Festival in 2021 and/or 2022 who were (i) paid not paid at an hourly rate least equal to the Virginia Minimum Wage for non-overtime hours worked; (ii) who were not paid for overtime hours worked over forty (40) per week at the Virginia required time-and-one-half rate; and (iii) were not paid and/or did not receive full payment of all tips and/or gratuities intended for their receipt and sole benefit and paid by 2021 and/or 2022 the Festival's customers and attendees.

44.     The Unjust Enrichment Sub-Class includes all individuals who worked as

bartenders, bar backs, or performed similar tip generating employment duties for Defendants'
primary and substantial benefit during the Festival in 2021 and/or 2021 who were not paid
and/or did not receive full payment of all tips and/or gratuities intended for their receipt and sole
benefit and paid by the 2021 and/or 2022 Festival's customers and attendees.

45.     Each proposed Sub-Class exceeds One Hundred (100) individuals and is so
numerous that the joinder of all such persons is impracticable, and the disposition of their
claims as a class will benefit the parties and the Court.

46.     There is a well-defined commonality of interest in the questions of law and fact
involving and affecting the proposed class, and these common questions of law and fact
predominate over any questions affecting members of the proposed class individually, in that
the Named Plaintiffs and all Class Plaintiffs have been harmed by Defendants' common and
class-wide payroll practices of (i) failing to pay wages for non-overtime compensable work
hours at the Festival in 2021 and/or 2022 at a rate at least equal to the Virginia Minimum
Wage; (ii) failing to pay for overtime hours over forty (40) for the week at the 2021 and/or
2022 Festival at the time-and-one-half rate required by Virginia law; and/or (iii) unlawfully
taking, deducting, and/or assigning tips and/or gratuities paid by the 2021 and/or 2022
Festival's customers and attendees for the sole benefit and use of Named Plaintiffs and the
Class Plaintiffs.

47.     The VWPA, VMWA, and unjust enrichment claims of the Named Plaintiffs are
typical of the claims of the Class Plaintiffs and the relief sought by the Named Plaintiffs is
typical of the relief which would be sought by each of the Class Members in separate actions.

48.     All Class Plaintiffs were subject to the same common and class-wide unlawful
compensation practices perpetrated by Defendants at or after the 2021 and/or 2022 Festival, as

alleged herein.

49.    Defendants' common and class-wide unlawful compensation policies and practices perpetrated at or after the 2021 and/or 2022 Festival affected and caused damages to the Named Plaintiffs and all Class Plaintiffs similarly.

50.    Named Plaintiff and the Class Plaintiffs sustained similar losses, injuries, and damages arising from the same unlawful and class-wide payroll policies and practice perpetrated by Defendants at or after the 2021 and/or 2022 Festival.

51.    Named Plaintiffs individually and collectively, can fairly and adequately protect the interests of all members of each proposed Sub-Class, and there are no known conflicts of interest between any of the Named Plaintiffs and any of the Class Plaintiffs.

52.    Named Plaintiffs have retained counsel who is experienced and competent in both wage and hour law and complex class action litigation.

53.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.   Individual joinder of all Class Plaintiffs is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Plaintiffs may be small for some in the sense pertinent to the class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Plaintiffs to redress the wrongs done to them.

54.    Important public interests will be served by addressing the matter as a class action.   The cost to the court system and the public for the adjudication of individual litigation

and claims would be substantially greater than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of Class Plaintiffs' rights and the disposition of their interests through actions to which they are not parties.

55.    The VWPA, VMWA, and unjust enrichment claims of Named Plaintiffs and the Class Plaintiffs can be decided by means of common, class-wide proof.

56.    Defendants violated Virginia wage payment laws and equitable payment obligations during and/or after the 2021 and/or 2022 Festival.  Just as current employees are often afraid to assert their rights out of fear of direct or indirect retaliation, former employees may also be fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class action lawsuits provide Class Plaintiffs who are not named in the Complaint a degree of anonymity, which allows for vindication of their rights while eliminating or reducing these risks.

## CAUSES OF ACTION

### COUNT I
**Violation of the FLSA Minimum Wage Overtime Compensation Mandate**

57.    Named Plaintiffs incorporate by reference all preceding paragraphs as if the same were repeated here verbatim.

58.    Pursuant to the FLSA, employers must pay employees such as Named Plaintiffs and the Collective at an hourly rate at least equal to the Federal Minimum Wage for non-overtime hours worked each week (40 and less) and at the time-and-one-half rate for overtime worked over forty (40) hours per week.

59.    Pursuant to the FLSA, employers must permit and allow employees such as Named Plaintiffs and the Collective to keep and retain all tips and/or gratuities paid by customers and/or attendees for employment duties performed.

60.    As set forth above, during the relevant period, Defendants failed to pay Named Plaintiffs and the Collective at an hourly rate at least equal to the Federal Minimum Wage for all non-overtime hours worked each week (40 and less) at the 2021 and/or 2022 Festival.

61.    As set forth above, during the relevant period, Defendants failed to pay Named Plaintiffs and the Collective at the time-and-one-half rate for overtime worked over forty (40) hours per week at the 2021 and/or 2022 Festival.

62.    As set forth above, Defendants unlawfully deducted, kept, and/or assigned tips and/or gratuities paid by the 2021 and/or 2022 Festival customers and/or attendees and belonging to Plaintiffs and the Collective.

63.    Defendants had actual knowledge that deductions, taking, and/or assignments of tips and/or gratuities paid by the 2021 and/or 2022 Festival's customers and/or attendees and belonging to Plaintiffs and the Collective was unlawful and in direct violation of the FLSA.

64.    Defendants had actual knowledge their failure to pay Named Plaintiffs and the Collective at the FLSA required Federal Minimum Wage for non-overtime hours worked (40 and less) and for overtime hours (40 and over) at the at the time-and-one-half rate for work duties performed by Named Plaintiffs and the Collective at the 2021 and/or 2022 Festival was in direct violation of Named Plaintiffs and the Collective's FLSA minimum wage and overtime compensation rights.

65.    The foregoing conduct, as alleged above, constitutes a willful violation of the FLSA wage payment requirements.

66.     Named Plaintiffs and the Collective seek to recover from Defendants, jointly and severally, of the following damages:

a.  Unpaid wages due and owing for all compensable hours worked at the 2021 and/or 2022 Festival;

b.  Payment of all tips and/or gratuities paid by the 2021 and/or 2022 Festival's customers and attendees to or for Named Plaintiffs and the Collective that were unlawfully taken, deducted, and/or assigned by Defendants during or after the 2021 and/or 2022 Festival;

c.  Statutory liquidated damages;

d.  Pre and post-judgment interest;

e.  Attorneys' fees and costs; and

f.  All other legal and equitable relief as the Court deems just and proper.

## COUNT II
### Violation of the VMWA Minimum Wage and Overtime Compensation Mandate

67.     Named Plaintiffs incorporate by reference all preceding paragraphs as if the same were repeated here verbatim.

68.     Pursuant to the VMWA, employers must pay employees such as Named Plaintiffs and the Class Plaintiffs at an hourly rate at least equal to the Virginia Minimum Wage for non-overtime hours worked each week (40 and less) and at the time-and-one-half rate for overtime worked over forty (40) hours per week.

69.     Pursuant to the VMWA, employers must permit and allow employees such as Named Plaintiffs and the Class Plaintiffs to keep and retain all tips and/or gratuities paid by customers and/or attendees for employment duties performed.

70.     As set forth above, during and/or after the 2021 and/or 2022 Festival, Defendants

failed to pay Named Plaintiffs and the Class Plaintiffs at an hourly rate at least equal to the

Virginia Minimum Wage for all non-overtime hours worked each week (40 and less).

71.    As set forth above, during and/or after the 2021 and/or 2022 Festival, Defendants

failed to pay Named Plaintiffs and the Class Plaintiffs at the time-and-one-half rate for overtime

worked over forty (40) hours per week.

72.    As set forth above, during and/or after the 2021 and/or 2022 Festival, Defendants

unlawfully deducted, kept, and/or assigned tips and/or gratuities paid by the 2021 and/or 2022

Festival's customers and/or attendees and belonging to Plaintiffs and the Class Plaintiffs.

73.    Defendants had actual knowledge that deductions, taking, and/or assignments of

tips and/or gratuities paid by the 2021 and/or 2022 Festival's customers and/or attendees and

intended for and belonging to Plaintiffs and the Class Plaintiffs, was unlawful and in direct

violation of Virginia law.

74.    Defendants had actual knowledge their failure to pay Named Plaintiffs and the

Class Plaintiffs at the required Virginia Minimum Wage for non-overtime hours worked (40 and

less) and for overtime hours (40 and over) at the time-and-one-half rate for employment work

duties performed by Plaintiffs and the Class Plaintiffs at the 2021 and/or 2022 Festival was in

direct violation of Named Plaintiffs and the Class Plaintiffs' VMWA minimum wage and

overtime compensation rights.

75.    The foregoing conduct, as alleged above, constitutes a willful violation of the

VMWA wage payment requirements.

76.    Named Plaintiffs and the Class Plaintiffs seek to recover from Defendants, jointly

and severally, of the following damages:

    a.  Unpaid wages due and owing for all compensable hours worked at the 2021

and/or 2022 Festival;

b.  Payment of all tips and/or gratuities paid by the 2021 and/or 2022 Festival's customers and attendees to or for Named Plaintiffs and the Class Plaintiffs that were unlawfully taken, deducted, and/or assigned by Defendants during and/or after the 2021 and/or 2022 Festival;

c.  Statutory liquidated damages;

d.  Pre and post-judgment interest;

e.  Attorneys' fees and costs; and

f.  All other legal and equitable relief as the Court deems just and proper.

## COUNT III
### Violation of the VWPA Wage Payment Mandate

77.     Named Plaintiffs incorporate by reference all preceding paragraphs as if the same were repeated here verbatim.

78.     Pursuant to the VWPA, employers must pay employees performing work duties in the Commonwealth of Virginia, such as Named Plaintiffs and the Class Plaintiffs, full and timely payment of all wages due and owing for all compensable work duties performed each week.

79.     As set forth above, Defendants failed to pay Named Plaintiffs and the Class Plaintiffs full and timely payment of all wages and tips due and owing (including Virginia Minimum Wage Compensation, Overtime Compensation, and earned tip/gratuity wages) for all compensable work duties performed by Named Plaintiffs and the Class Plaintiffs in the Commonwealth of Virginia at the 2021 and/or 2022 Festival.

80.     Defendants had actual knowledge their failure to pay Named Plaintiffs and the Class Plaintiffs full and timely payment of all wages and tips due and owing for all compensable work performed in the Commonwealth of Virginia at the 2021 and/or 2022 Festival was in direct

violation of Named Plaintiffs and the Class Plaintiffs' VWPA compensation rights.

81.    The foregoing conduct, as alleged above, constitutes willful violations of the VWPA timely wage payment mandate.

82.    Named Plaintiffs and the Class Plaintiffs seek to recover from Defendants, jointly and severally, the following damages:

      a.   Unpaid wages due and owing for all compensable hours worked at the 2021 and/or 2022 Festival;

      b.   Payment of all tips and/or gratuities paid by the 2021 and/or 2022 Festival's customers and attendees to or for Named Plaintiffs and the Class Plaintiffs in that were unlawfully taken, deducted, and/or assigned by Defendants during and/or after the 2021 and/or 2022 Festival;

      c.   Statutory liquidated damages;

      d.   Pre and post-judgment interest;

      e.   Attorneys' fees and costs; and

      f.   All other legal and equitable relief as the Court deems just and proper.

## COUNT IV
### Unjust Enrichment

83.    Named Plaintiffs incorporate by reference all preceding paragraphs as if the same were repeated here verbatim.

84.    Named Plaintiffs and the Class Plaintiffs performed bartender, bar back, and similar duties for the direct benefit of Defendants' 2021 and/or 2022 Festival's customers and attendees.

85.    During the 2021 and/or 2022 Festival, the Festival's customers and attendees, in an expression of generosity, thanks, and gratitude for Named Plaintiffs and the Class Plaintiff's

labor and attention, paid tip and/or gratuity money for the sole use and benefit of Named Plaintiffs and the Class Plaintiffs.

86.    Prior to and during the 2021 and/or 2022 Festival, Defendants expressly promised Named Plaintiffs and the Class Members, and it was the expectation of Named Plaintiffs and the Class Plaintiffs, that Named Plaintiffs and the Class Plaintiffs would receive and keep all tips and/or gratuities paid by the 2021 and/or 2022 Festival's customers and attendees for Named Plaintiffs and the Class Plaintiffs' sole use and benefit.

87.    In direct contradiction to Defendants' promises and the intent and expectation of the customers and attendees of the 2021 and/or 2022 Festival, during and after the 2021 and/or 2022 Festival, Defendants deducted, kept, and/or assigned tips and/or gratuities paid by the 2021 and/or 2022 Festival's customers and attendees for the sole benefit and use of Named Plaintiffs and Class Plaintiffs for Defendants' use and benefit and/or for payment by Defendants to Defendants' managers, non-tipped employees, and vendors.

88.    During and/or after the 2021 and/or 2022 Festival in 2021 and/or 2022, Defendants deducted, kept, and/or assigned tips and/or gratuities earned by and belonging exclusively to Named Plaintiffs and the Class Plaintiffs for work duties performed at the 2021 and/or 2022 Festival and, in so doing, unfairly and inequitably denied payment of the same to Named Plaintiffs and the Class Plaintiffs, the intended beneficiary of all tips and/or gratuities.

89.    Named Plaintiffs and the Class Plaintiffs have each suffered lost earned tip compensation and damages because of Defendants' unlawful deductions, taking, and/or assignments of tip money paid by the 2021 and/or 2022 Festival's customers and attendees for Named Plaintiffs and the Class Plaintiffs' sole use and benefit and failure to pay Named Plaintiffs and the Class Plaintiffs all tip and/or gratuity money promised, earned, and due and

owing for work duties performed at the 2021 and/or 2022 Festival.

90.   Named Plaintiff and the Class Plaintiffs seek to recover from Defendants, jointly and severally, the following damages:

    a.   Payment of all tips and/or gratuities paid by the 2021 and/or 2022 Festival's customers and attendees to or for Named Plaintiffs and the Class Plaintiffs that were unlawfully taken, deducted, and/or assigned by Defendants during and/or after the 2021 and/or 2022 Festival;

    b.   Pre and post-judgment interest; and

    c.   All other legal and equitable relief as the Court deems just and proper.

## RELIEF SOUGHT

WHEREFORE, Named Plaintiffs and all Class/Collective Members collectively pray that this Honorable Court:

1.   Issue an Order certifying this action as a Collective Action under the FLSA, and designate Named Plaintiffs as the Collective Action Representatives on behalf of all those similarly situated under the FLSA collective action;

2.   Issue an Order certifying this action as a Class Action under the VWPA, VMWA, and Unjust Enrichment Sub-Classes, and designate Named Plaintiffs as the Class Representatives on behalf of all VWPA, VWHL, and Unjust Enrichment Class Members;

3.   Award Named Plaintiffs and all Class/Collective Members actual damages in the amount of all wages and unlawfully taken, deducted, and/or assigned tips and/or gratuities found due to Named Plaintiffs and the Class/Collective Members for work duties performed at the 2021 and/or 2022 Festival, and an award of liquidated damages as provided by the FLSA, VWPA, and VMWA.

4.   Award Named Plaintiffs and all Unjust Enrichment Class Plaintiffs actual damages in the amount of all unlawfully taken, deducted, and/or assigned tips and/or gratuities found due to Named Plaintiffs and the Unjust Enrichment Class Plaintiffs for work duties performed at the 2021 and/or 2022;

5.   Award Named Plaintiffs fair and reasonable compensation for Named Plaintiffs acting as Class Representatives in this action on behalf of the Class/Collective Members;

6.   Award Named Plaintiffs and all Class/Collective Members pre- and post-judgment interest at the statutory rate;

6.   Award Named Plaintiffs and all Class/Collective Members attorneys' fees and costs as provided by the FLSA, MWPA, and VMWA; and

7.   Award Named Plaintiffs and all Class/Collective Members all further legal and/or equitable relief as this Court deems necessary, just and proper.

Dated:  September 30, 2022          Respectfully submitted,

*/s/ Gregg C. Greenberg*
Gregg C. Greenberg, VA Bar No. 79610
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email:  GGreenberg@ZAGFirm.com

*Attorney for Named Plaintiffs*
*and the Class/Collective*

26