UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Lynchburg Division)

| | |
|---|---|
| BRANDY SANDS, ET AL.<br><br>*Individually and on Behalf of All Others Similarly Situated*<br><br>*Plaintiffs,*<br><br>v.<br><br>BLUE RIDGE ROCK FESTIVAL, LLC and JONATHAN SLYE<br><br>Defendants. | Case No.: 6:22-cv-00056-NKM |

**JOINT MOTION TO APPROVE FLSA SETTLEMENT AGREEMENT
AND FOR DISMISSAL, WITH PREJUDICE**

Blue Ridge Rock Festival, LLC and Jonathan Slye, individually ("Defendants"), and Brandy Sands, Larisa LaCorte, Lyndsay Holt, Heather Carlton, Shana Reyes, Josh Arkwright, James Peters, Dan Vercellino, Rhea White, Lorie Rivero, Sara Daniel, Sarah Bailey, Jessica Martin, Mitchell Martin, Sierra Lewis (together, "the Named Plaintiffs"), and Kristen Lowery, Brooke Barksdale, Robin Gentry, Kortney Lewis, Olivia Shelton, Amber Debaere Hankins, Jeremy Ferguson, Jonathan Hart, Hannah Lettshek, Samuel Tipton, Jacob Robertson, Erin Barnes, Chelsea Zuckerman, Shavonne Woodall, Amanda Wathen, Abby Browning, Destiny Walker, Christopher McDonald, Carley Tweedy, Misty Goodman, Timothy Adkins, Briana Barber, Danielle Barber, Lowell Blankenship, John Maddox, Brooke Hollingsworth, Cenith Ussery, Christian Blake Tipton, Crystal Meadows, Mecole Marshall, Giovanni Fanelle, Samantha Brown, Betsy Wilson, Remick Schneider, Desean Spencer, Jessie Webster, Nicholetta Koupelis, Christina Whitehead, Gwendolyn West, Tatiana Stewart, Jeanette

1

Gonzalez, Amber Evans, Misty Brooks, Christina Scruggs, and Shawna Lane (collectively, "the Opt-In Plaintiffs") (collectively, the Named Plaintiffs and the Opt-In Plaintiffs are referred to herein as "Plaintiffs"), through undersigned counsel, file this Joint Motion requesting this Court enter an Order approving the Parties' Settlement Agreement, and more specifically, approve the Parties' settlement of Plaintiffs' claims against Defendants for recovery of overtime wages and damages arising under the Federal Fair Labor Standards Act ("FLSA"). *See* the Parties' fully executed Settlement Agreement attached hereto as Exhibit 1.

Upon this Court's review of the Parties' Settlement Agreement, and the Court's finding the same to represent a fair and reasonable resolution of Plaintiffs' FLSA claims alleged against Defendants, the Parties request this Court enter an Order approving the Settlement Agreement and dismissing this matter, with prejudice.

## LEGAL STANDARD

Because this matter includes claims brought under the FLSA, and the Parties' Settlement Agreement includes a waiver of claims under the FLSA, the Parties seek approval from the Court of Plaintiff's release of his FLSA overtime claim. *See* 29 U.S.C. § 216(b)-(c); *See Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 740, 745 (1981); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114-16 (1946); *Lane v. Ko-Me, LLC*, 2011 U.S. Dist. LEXIS 97870 (D. Md. 2011).

Under the FLSA, "there is a judicial prohibition against the unsupervised waiver or settlement of claims." *Taylor v. Progress Energy, Inc.,* 493 F.3d 454, 460 (4th Cir. 2007) (citing *D.A. Schulte, Inc. v. Gangi,* 328 U.S. 108, 114-16 (1946)). An FLSA settlement must "reflect a fair and reasonable resolution of a bona fide dispute over FLSA provisions," which includes examination of (1) whether there are FLSA issues actually in dispute, (2) the fairness

2

and reasonableness of the settlement, and (3) the reasonableness of the attorneys' fees, if included in the agreement. *See Philemon v. V.R. Veerapalli, M.D., P.C.,* 2023 U.S. Dist. LEXIS 23277, *2 (W.D. Va. 2023) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). To assess whether a proposed settlement is fair and reasonable, the adjudicator should examine: ""(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the Plaintiffs; (5) the opinions of [] counsel . . .; and (6) the probability of Plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." *Id.* (citations omitted).

An FLSA settlement may be approved for less than full potential value of what a Plaintiff claims if there are *bona fide* disputes as to the Plaintiff's entitlement to the claimed pay. As the United States District Court of Maryland has explained:

> *Lynn's Food Stores* suggests that an FLSA settlement should be approved if the settlement "does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." [*Lynn's Food Stores,* 679 F.2d at 1354]; *see also Lomascolo v. Parsons Brinckerhoff, Inc.,* 2009 U.S. Dist. LEXIS 89136, at *8 (E.D. Va. 2009) ("'If the proposed settlement reflects a reasonable compromise over contested issues,' the settlement should be approved.") (quoting *Lynn's Food Stores,* 679 F.2d at 1354). In contrast to Defendant' all-or-nothing approach, *Lynn's Food Stores* and similar cases recognize a role for less-than-full-value compromise in the FLSA settlement process. These compromises reflect the "many factors [that] may be in play as the parties negotiate," including disagreements over "the number of hours worked by the Plaintiff, the Plaintiff's status as an exempt employee, or the defendant's status as a covered employer." *Bonetti v. Embarq Mgmt. Co.,* 715 F.Supp.2d 1222, 1227 (M.D. Fla. 2009).

*Lane v. Ko-Me, LLC*, 2011 U.S. Dist. LEXIS 97870 at *3-4 (D. Md. 2011).

Parties requesting approval of a proposed settlement "must provide enough information for the court to examine the bona fides of the dispute." *Lane*, 2011 U.S. Dist. LEXIS 97870 at *4. In particular:

> The parties' motion … must describe the nature of the dispute (for example, a disagreement over coverage, exemption, or computation of hours worked or rate of pay) resolved by the compromise. … The employer should articulate the reasons for disputing the employee's right to … overtime, and the employee must articulate the reasons justifying her entitlement to the disputed wages. If the parties dispute the computation of wages owed, the parties must provide each party's estimate of the number of hours worked and the applicable wage. In any circumstance, the district court must ensure the bona fides of the dispute; implementation of the FLSA is frustrated if an employer can extract a disproportionate discount on FLSA wages in exchange for an attenuated defense to payment.

*Id.* at *4-5 (quoting *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241-42 (M.D. Fla. 2010)).

"[T]here is a 'strong presumption in favor of finding a settlement fair' when considering proposed FLSA settlements." *Nolasco v. Wok Express Int'l Inc.*, 2015 U.S. Dist. LEXIS 88284, at *6 (D. Md. 2015) (quoting *Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 U.S. Dist. LEXIS 89129, at *10 (E.D. Va. 2009)). Such deference is warranted because "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement" and "[i]f the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009).

## **ARGUMENT**

In this matter, Plaintiffs allege each was employed by Defendants to perform bartender and/or barback and/or similar tipped service-related duties at the 2021 and/or 2022 Blue Ridge Rock Festival ("the Festivals"). Plaintiffs allege, during the Festivals, Plaintiffs performed employment duties at or in multiple bar tents spread out by Defendants across the Festivals'

4

grounds. Plaintiffs further allege that at or near the time Defendants hired Plaintiffs, Defendants agreed to compensate Plaintiffs at the direct hourly rate of $5.00 per hour for bartender and/or barback and/or similar tipped service-related duties, $20.00 per hour for work duties performed setting up and/or breaking down bar tents prior to and after the Festivals, plus a proportional share of Plaintiffs' earned bar tent tips.

Plaintiffs allege any Plaintiff that worked for Defendants at a Festival generally worked Fifty-Five (55) to Sixty-Five (65) hours at the particular Festival. Further, Plaintiffs allege that for work duties Plaintiffs performed during each Festival, Defendants never paid Plaintiffs at the time-and-one-half overtime rate for overtime worked over forty (40) hours per week in violation of the FLSA overtime compensation requirement. *See* 29 U.S.C. § 207(a)(1); *see also Flood v. New Hanover Cty.*, 125 F.3d 249, 251 (4th Cir. 1997) ("As a general rule, the FLSA provides that an employer may not employ an employee for a workweek longer than forty hours unless it pays its employee one and one-half times the employee's regular rate for all hours in excess of forty.").

Further, Plaintiffs allege that during the Festivals, Defendants' patrons visited the bar tents and paid Plaintiffs tips that Plaintiffs, as a material part of their promised compensation, were entitled to keep and retain. Plaintiffs, however, allege based primarily upon personal observations, that Defendants unlawfully retained and deducted a substantial portion of Plaintiffs' earned tips. Plaintiffs allege that Defendants' practice of taking or deducting Plaintiffs' earned tips triggers Defendants' liability and Plaintiffs' right to pursue recovery of the same under the FLSA. *See* 29 U.S.C. § 203(m)(2)(B); 29 U.S.C. § 216(b) ("Any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips

unlawfully kept by the employer, and in an additional equal amount as liquidated damages."). *See Verma v. 3001 Castor, Inc*., 937 F.3d 221, 232-33 (3rd Cir. 2019).[1]

Additionally, FLSA, 29 U.S.C. § 203(m)(2)(A) (hereafter, "Section 3(m)"), permits an employer to comply with the FLSA Federal Minimum Wage requirement by taking a "tip credit" to make up the difference between an employee's base salary, known as the "cash wage," and the FLSA required Minimum Wage. Plaintiffs allege Defendants' right to utilize the Section 3(m) "tip credit" existed for Defendants if, and only if, (i) Defendants provided Plaintiffs with their prior required Section 3(m) notice and (ii) Defendants permitted Plaintiffs to keep and retain all tips earned and received from Defendants' customers. *See* 29 U.S.C. § 203; *see also Mackie v. Coconut Joe's IOP LLC*, 2021 U.S. Dist. LEXIS 207305, at *12 (D.S.C. 2021) ("An employer's failure to satisfy either condition disqualifies it from claiming the tip credit to satisfy the requirement that it pay its employees a minimum wage."). Here, Plaintiffs allege Defendants violated their Section 3(m) "tip credit" requirements (i) by taking, deducting, and/or assigning Plaintiffs' earned tips and (ii) by failing to provide Plaintiffs with the required "tip credit" notice. Consequently, Plaintiffs allege Defendants failed to pay Plaintiffs at or above the FLSA required Federal Minimum Wage Rate for all hours worked at the Festivals. *See* 29 U.S.C. § 206(a)(1)(C); *see also Hoffman v. Bear Chase Brewing Co., LLC*, 2023 U.S. Dist. LEXIS 13967, at *4-6 (E.D. Va. 2023).

---

[1] Defendants vigorously deny Plaintiffs' allegations. Moreover, the documents Defendants produced in discovery do not evince or corroborate Plaintiffs' claims that Defendants deducted or retained Plaintiffs' earned tips. Instead, Defendants' documents identify that Defendants fully paid Plaintiffs all tips received. Plaintiffs, in response, contend Defendants' records are incomplete, self-serving, and are inherently unreliable. Plaintiffs estimate, based upon personal observations, that had Defendants paid Plaintiffs all earned tips due and owing, Defendants would have paid each Plaintiff, and each Plaintiff would have received about $1,000.00 - $1,500.00 in additional earned tip wages.

In response, Defendants denied, both factually and legally, the validity of each of Plaintiffs' claims. In particular, Defendants asserted that Plaintiffs were independent contractors, and this not entitled to the relief sought, that Plaintiffs were properly classified as "tipped employees" and were paid all wages owed, and that only individuals who qualified as "tipped employees" received tips. Additionally, Defendants assert a ***total defense*** to Plaintiffs' claims because Defendants contend Plaintiffs hold no rights to recovery arising from the FLSA's Seasonal and Recreational Exception. 29 U.S.C. § 213(a)(3). This exemption denies right to Minimum Wage compensation and overtime time-and-one-half premium wages to employees working at recreation or amusement establishments. *See Arnold v. Ben Kanowsky, Inc.,* 361 U.S. 388, 394 (1960); *see also Chao v. Double JJ Resort Ranch*, 375 F.3d 393 (6th Cir. 2004); *Chen v. Major League Baseball Props.*, 798 F.3d 72, 79 (2nd Cir. 2015); *Brennan v. Yellowstone Park Lines, Inc.*, 478 F.2d 285, 289 (10th Cir. 1973). Defendants also assert that the exemption precludes Plaintiffs' tip claims.

The case law is not robust related to Defendants asserted FLSA exemption defense, especially within the Fourth Circuit. This said, the above-cited cases, considered in conjunction with a practical analysis of Plaintiffs' duties and responsibilities within the festivals suggest strongly that had Defendants presented their FLSA exemption defense in a Summary Judgment Motion, Plaintiffs' counsel is sufficiently satisfied Defendants' arguments would be very persuasive to this Court. To this end, Plaintiffs understood that had this matter not settled, the potential for any recovery for Plaintiffs under the FLSA was bleak, at best.

Relating to the Plaintiffs' underlying settlement, all appropriate steps were taken. First and foremost, from the inception of this case, all Parties have been well-represented by highly competent counsel that is extremely familiar with Federal Court civil litigation related to

7

complex disputes under the FLSA. Next, prior to engaging in a settlement dialogue, the Parties exchanged formal written discovery and documents responsive to document requests. Thereafter, prior to advancing to costly depositions, on March 11, 2024, the Parties voluntarily participated in a Mediation Conference before mutually selected Mediator, Eirc Paltell, Esq. Though a settlement was not reached during the Mediation Conference, the Parties were able to utilize the Mediation Conference focus on the above-described legal and factual disputes to make substantial progress towards a final resolution. Thereafter, at arms-length, counsel for the Parties continued to negotiate in good faith, resulting in a full and final monetary settlement in the amount of $55,500.00, from which the settlement sum is allocated: (i) $700.00 to each Named Plaintiff[2]; (ii) $550.00 to each Opt-In Plaintiff; and, negotiated separate and apart; (iii) $19,500.00 as payment for Plaintiffs' attorney's fees and litigation costs and expenses. *See* Settlement Agreement Attached.[3] Given the *bona fide* dispute in this matter as detailed above, this outcome is objectively fair and reasonable.

      Finally, as noted above, the Settlement Agreement provides that, separate and apart from monies paid directly to Plaintiffs, Defendant will pay Plaintiffs' attorney's fees and reimburse Plaintiffs' counsel's out-of-pocket litigation expenses and costs in the amount of

---

[2] As noted in Section 3(c) of the Settlement Agreement, the additional $150.00 paid to each Named Plaintiff exceeding the payment to each Opt-In Plaintiff is additional bargained for consideration paid to each Named Plaintiff in exchange for the full waiver of claims and additional valuable consideration each Named Plaintiff agrees to as set forth in the Settlement Agreement.

[3] The Settlement Agreement is executed by Named Plaintiffs on their own behalf and as authorized agents on behalf of the Opt-In Plaintiffs. This agency authority is derived from each Opt-In Plaintiff's Consent Form filed with this Court that states, "I hereby authorize [Named Plaintiffs] as my agents to make decision on my behalf concerning the lawsuit, including the manner of conducting the litigation ***and any decision to enter into a settlement resolving all claims***, …" (emphasis supplied).

$19,500.00. In determining the reasonableness of the Settlement Agreement's attorney's fees allocation, the Court must determine a lodestar figure by "multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC,* 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)); *see also Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983). Here, Plaintiffs' counsel's lodestar demonstrates approximately 124 hours and slightly more than $44,000.00 in attorney's fees at counsel's customary billing rate of $450.00 per hour, plus litigation costs in the amount of $9,255.00. Given the *bona fide* dispute and suboptimal litigation result outlook, and the fact that the monetary consideration offered to each Named Plaintiff and Opt-In Plaintiff was satisfactory and approved, Plaintiffs' counsel agreed to take more than a 50% reduction on attorney fees and expense/cost recovery to ensure a settlement between the Parties could be achieved. Moreover, insofar as Plaintiffs' counsel's attorney's fees and litigation expense and cost recovery does not diminish and/or otherwise make unreasonable Plaintiffs' individual monetary recoveries on their FLSA claims, the Court should similarly approve the separately negotiated fee and litigation expense and cost payment as reasonable.

## **CONCLUSION**

Plaintiffs and Defendants negotiated, through experienced counsel, at arms-length to reach a mutually agreeable compromise of Plaintiffs' FLSA and other related claims. The material terms of the Settlement Agreement reflect a reasonable resolution of Plaintiffs' FLSA claims, the merits of which is the subject of a *bona fide* dispute, and a fair and reasonable apportionment allotted for compensation of Plaintiffs' counsel's fees and litigation expenses

and costs. For this reason, this Court should approve the Parties' Settlement Agreement and enter an Order dismissing Plaintiffs' claims against Defendant in this matter, with prejudice.

Dated:  May 8, 2024                              Respectfully submitted,

*/s/ Gregg C. Greenberg*
Gregg C. Greenberg, VSB No. 17291
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: (301) 587-9373
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*

*/s/ Sarah R. Goodman*
Sarah R. Goodman, by *Pro Hac Vice*
Offit Kurman, P.A.
1801 Market Street, Suite 2300
Philadelphia, Pennsylvania 19103
Phone: (267) 338-1319
Email: sarah.goodman@offitkurman.com

Scott V. Kamins, by *Pro Hac Vice*
Offit Kurman, P.A.
300 E. Lombard Street, Suite 2010
Baltimore, MD 21202
Phone: (301) 575-0347
Email: skamins@offitkurman.com

Thomas W. Repczynski, VSB  No. 39967
Offit Kurman, P.C.
8000 Towers Crescent Drive, Suite 1400
Tysons Corner, VA 22182
Phone: (703) 745-1801
Email: trepczynski@offitkurman.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of May 2024, a true and correct copy of the Parties' Joint Motion for Settlement Approval and Dismissal, With Prejudice and the Parties' Proposed Order was electronically served on all counsel of record by and through the Court's ECF System.

                                                       __/s/_Gregg C. Greenberg_____
                                                       Gregg C. Greenberg